UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD ROY SCOTT,<br><br>    Plaintiff,<br><br>  v.<br><br>DONALD J. PORTER, et al.,<br><br>    Defendant. | CASE NO. C12-2008JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I. INTRODUCTION

This matter comes before the court on the Report and Recommendation ("R&R") of United States Magistrate Judge James P. Donohue (R&R (Dkt. # 24)) and Petitioner Richard Scott's objections thereto (Objections (Dkt. # 25)). Having carefully reviewed all of the foregoing, along with all other relevant documents, and the governing law, the court ADOPTS the Report and Recommendation (Dkt. # 24) and DISMISSES Mr. Scott's petition without prejudice.

//

ORDER- 1

I.     BACKGROUND

This matter involves a habeas petition filed by petitioner Mr. Scott. (*See* Petition (Dkt. # 7).) Mr. Scott is currently civilly committed by the State of Washington as a sexually violent predator ("SVP") pursuant to RCW chapter 71.09. (*See id.* at 2.) Mr. Scott contends that the State is violating his federal constitutional due process rights by applying certain statutory amendments to his annual SVP reviews retroactively. (R&R at 1.) The statutory amendments Mr. Scott disputes were passed in 2005, and he stipulated to civil commitment as an SVP in 2007. (*Id.*) However, Mr. Scott asserts that the 2005 amendments should not apply to him because the petition to civilly commit him was originally filed in 2003, two years before the amendments were signed into law. (*Id.*)

Problematically, Mr. Scott is not challenging any particular application of the statutory amendments to him. (*See id.*) In other words, he is not challenging a particular annual SVP review in which the challenged amendments were applied to him. (*Id.*) This presents problems for Mr. Scott because he is required to exhaust all state court remedies before filing a habeas petition in federal court. *See* 28 U.S.C. § 2254(b)(1)(A), (c).

Magistrate Judge Donohue recommended denying Mr. Scott's habeas petition for exactly this reason. (R&R at 1, 3-5.) Magistrate Judge Donohue concluded that Mr. Scott had not exhausted his remedies in state court and recommended dismissing Mr. Scott's petition without prejudice. (*Id.*) Magistrate Judge Donohue went on to conclude, in the alternative, that Mr. Scott would not be entitled to relief on the merits even if he had exhausted his remedies in state court. (*Id.* at 5-6.) Mr. Scott objected to Magistrate Judge Donohue's R&R in a timely fashion, and the court therefore must review the R&R.

ORDER- 2

## II.  STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters.  Fed. R. Civ. P. 72(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  *Id.*  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The court reviews de novo those portions of the report and recommendation to which a specific written objection is made.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."  *Id.*  Because Mr. Scott is proceeding *pro se*, this court must interpret his complaint and objections liberally.  *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

## III.  DISCUSSION

Mr. Scott's first objection to the Report and Recommendation appears to assert that Mr. Scott does not need to exhaust his remedies because other "class members" have done so:

> If an issues has been exhausted, as is true here, by other class members, then it is not necessary for every members of the class file on the exhausted issue.

(Objections (Dkt. # 25) at 1.)  It is not clear why Mr. Scott is referring to class members; there is no indication in any of his filings that he is seeking relief on behalf of a class, or indeed on behalf of anyone other than himself.  (*See, e.g.*, Compl.)  This objection is

1  overruled.  Next, Mr. Scott objects on the ground that exhausting his remedies in state
2  court would be futile:

3       The 2005 age amendments have been addressed by the state appeals courts and the state supreme court, as the magistrate is aware, and admits.  P.4 of
4       R&R. . . .  Furthermore no reasonable person would concluded that Scott, or any class member would have any chance of undoing the state court
5       rulings he quotes from!

6  (Objections at 1-2.)  The Magistrate Judge addressed this argument in his R&R, and the
7  court is persuaded that Judge Donohue's resolution of this issue is the correct one.  (*See*
8  R&R at 4-5.)  Mr. Scott's objection does not raise any new points that were not addressed
9  by the R&R.  (*See id.*)  The court has thoroughly examined the record before it and finds
10 the Magistrate Judge's reasoning persuasive in light of that record.  The court
11 independently rejects Mr. Scott's argument for the same reasons as Judge Donohue and
12 overrules this objection.

13       The remainder of Mr. Scott's objections pertain to Judge Donohue's alternative
14 ruling on the merits.  The court does not address these objections because they are not
15 necessary to dispose of this case.  Mr. Scott's petition is dismissed for failure to exhaust
16 state court remedies as described above and in the R&R.

17       The court also denies Mr. Scott a certificate of appealability.  When a district court
18 enters a final order adverse to the applicant in a habeas proceeding, it must either issue or
19 deny a certificate of appealability, which is required to appeal a final order in a habeas
20 proceeding.  28 U.S.C. § 2253(c)(1)(A).  A certificate of appealability is appropriate only
21 where the petitioner makes "a substantial showing of the denial of a constitutional right."
22 *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).  Under this standard, the petitioner must

demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Here, the court finds that reasonable jurists could not debate whether the petition should have been resolved differently and therefore DENIES a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the Report and Recommendation (Dkt. # 24) in its entirety;

(2) Mr. Scott's habeas petition is DISMISSED without prejudice;

(3) Mr. Scott is DENIED a certificate of appealability; and

(4) The Clerk of the Court is directed to send copies of this Order to Mr. Scott and to Magistrate Judge Donohue.

Dated this 13th day of December, 2013.

JAMES L. ROBART
United States District Judge